# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CELIA PEREZ TORRES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID RISLEY,<br><br>　　　　Defendant. | Case No.: 2:24-cv-01881-GMN-NJK<br><br>**Order**<br><br>[Docket No. 20] |

　　　　Pending before the Court is the parties' stipulation to extend discovery deadlines by 60 days.  Docket No. 20.

　　　　A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause.  Fed. R. Civ. P. 16(b)(4); Local Rule 26-3.  The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "The diligence obligation is ongoing."  *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).  The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed.  *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N. D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E. D. Cal. 1999)). That a request is jointly submitted "neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief.  Failure to provide such showings may result in denial of a stipulated request to extend the case management deadlines."  *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev. 2022)

　　　　The stipulation seeks relief because "the Court has yet to rule" on Defendant's motion for leave to file third party complaint, the parties are still waiting for relevant documents, and new counsel has undertaken the handling of Plaintiff's case.  Docket No. 20 at 3.  The pendency of a motion alone does not establish good cause for an extension.

1

Additionally, the instant stipulation fails to meet the requirements of the local rules. The parties do not provide a specific description of the discovery that remains to be completed, *see* Local Rule 26-3(b); instead, the parties submit that the discovery to be completed includes "deposition(s) of percipient witnesses … of treating physicians … of all expert witnesses … any additional written discovery." Docket No. 20 at 2. This lacks the required specificity.

Further, there has been no showing of diligence. As one example, the parties did not conduct any discovery in March and provide no explanation as to why. *See* Docket No. 20 at 2.

As a one-time courtesy, the Court will grant the extension. <u>The Court is not inclined to extend deadlines further.</u> The parties must diligently conduct discovery. Accordingly, the stipulation to extend is **GRANTED**. Docket No. 20. Deadlines are **RESET** as follows:

- Discovery cutoff: June 10, 2025
- Dispositive motions: July 11, 2025
- Joint proposed pretrial order: August 11, 2025, 30 days after resolution of dispositive motions, or by further Court order

IT IS SO ORDERED.

Dated: April 7, 2025

Nancy J. Koppe
United States Magistrate Judge